1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    ROBERT EMERT,                          Case No. 23-cv-01723-BAS-MSB

12                          Plaintiff,       **ORDER:**

13         v.                                **(1) DENYING MOTION TO
                                                  PROCEED *IN FORMA
14    SAN DIEGO SUPERIOR COURT,                   PAUPERIS* (ECF No. 3);**

15                                           **(2) TERMINATING AS MOOT
                          Defendant.              MOTION FOR TEMPORARY
16                                                RESTRAINING ORDER
                                                  (ECF No. 2); AND**
17
                                             **(3) DISMISSING ACTION
18                                                WITHOUT PREJUDICE**
19

20         Plaintiff Robert Emert filed this action against the San Diego Superior Court

21    seeking to review and enjoin criminal and family court orders concerning Plaintiff's

22    relationship with his minor children.  (Compl., ECF No. 1.)  Plaintiff also filed a

23    request to proceed *in forma pauperis* ("IFP")—without paying the filing fee.  (ECF

24    No. 3.)  For the reasons explained below, Plaintiff's IFP application is insufficient,

25    and regardless, the Court must dismiss the Complaint.

26    I.    **MOTION FOR LEAVE TO PROCEED IFP**

27         Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay

28    the required fees or security to commence a legal action may petition the court to

proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having reviewed Plaintiff's IFP application (ECF No. 3), the Court is unpersuaded he qualifies for IFP status.  Plaintiff completed the "Short Form" application (AO 240), but the details provided do not add up.  For example, Plaintiff states he is not incarcerated, but lists "N/A" when asked to specify his "housing, transportation, utilities, or loan payments, or other regular monthly expenses."  (*Id.* 2.)  The Court does not have enough information to make an informed determination on Plaintiff's indigency.  Hence, the Court denies the request to proceed IFP.  If Plaintiff desires to again seek IFP status, he is advised to use the Administrative Office of the U.S. Courts ("AO")'s Long Form for IFP Applications—AO Form 239, which is five pages.  Finally, Plaintiff is reminded that an IFP application is made under penalty of perjury.

## II.   DISMISSAL

Although Plaintiff's IFP application is inadequate, in the interest of efficiency, the Court also addresses his Complaint.  Plaintiff seeks, among other things, an "immediate stay" of "criminal and family court proceedings pending review," an "immediate stay of [a] default judgment terminating parental rights in family court," and "appellate review of all unconstitutional rulings made thus far" by the state court.  (Compl. 9–10.)

There are two hurdles that Plaintiff cannot clear to proceed with this lawsuit.  First, the *Rooker-Feldman* doctrine provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  *Rooker-Feldman* thus bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision

1   involves federal constitutional issues.  *See Dubinka v. Judges of the Superior Court*,
2   23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d
3   888, 891 (9th Cir. 1986).   Further, "*Rooker-Feldman* bars any suit that seeks to
4   disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court
5   proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate
6   her claims." *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (internal
7   quotation marks omitted).  Hence, under this doctrine, the Court cannot review a state
8   court judgment terminating parental rights or provide "appellate review of all
9   unconstitutional rulings." (*See* Complaint 9.)  Therefore, the Complaint is subject to
10  dismissal on this ground for lack of subject matter jurisdiction. *See Cooper v. Ramos*,
11  704 F.3d 772, 779 (9th Cir. 2012) (providing claims are "inextricably intertwined"
12  for purposes of the *Rooker-Feldman* doctrine where "the relief requested in the
13  federal action would effectively reverse the state court decision or void its ruling"
14  (citation and internal quotation marks omitted)).

15      Second, Plaintiff is attempting to sue the San Diego Superior Court under 42
16  U.S.C. § 1983.  To plead a violation of Section 1983, a plaintiff must allege that (1)
17  a person acting under the color of state law (2) violated his constitutional rights or
18  rights secured by federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Anderson*
19  *v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Plaintiff cannot sue the Superior
20  Court because the state court is not a "person" within the meaning of § 1983.  Rather,
21  the court is an arm of the state and is immune from suit unless the state has expressly
22  waived immunity. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156,
23  1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County
24  Superior Court (or its employees), because such suits are barred by the Eleventh
25  Amendment.").  There is no waiver here, Plaintiff's suit cannot proceed on this basis,
26  and it is futile.
27  //
28  //

1

**III.   CONCLUSION**

2

In light of the foregoing, the Court **DENIES** Plaintiff's Application to Proceed

3

IFP.  (ECF No. 3.)  The Court also **DISMISSES WITHOUT PREJUDICE** this

4

action.   The Court further **TERMINATES AS MOOT** Plaintiff's request for a

5

temporary restraining order.  (ECF No. 2.)

6

**IT IS SO ORDERED.**

7

8

**DATED:  October 4, 2023**

Hon. Cynthia Bashant
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23cv1723